Osgood v. Bringolf

32  265
85  345
32  265
93  197
32  265
104  689
32  265
127  245

1. Evidence: DECLARATIONS OF AGENT. To render the declarations of an agent admissible in evidence they must be shown to have been made in respect to a matter within the scope of his employment, and when engaged in the business of his principal. An authority to make an admission is not necessarily to be implied from an authority previously given in respect to the thing to which the admission relates.

2. Instruction: PLEADING: PRACTICE. A party cannot complain of an instruction which is based upon, and harmonizes with, an issue which he himself has tendered. Error in the giving of an instruction must be affirmatively shown.

3. Contract: USE OF WORDS "VALUE RECEIVED." The words "value received," when used in an instrument, do not necessarily import a consideration in money. A promise to pay in the future may be shown to have been the consideration.

4. —— ASSIGNMENT OF JUDGMENT. An agreement to pay one-half the *face* of a judgment assigned to the promissor is an agreement to pay one-half the sum for which the judgment was rendered, excluding the interest accrued thereon.

*Appeal from Polk Circuit Court.*

FRIDAY, JULY 28.

PLAINTIFF avers that he sold to defendant, Bringolf, a judgment which he owned, against John W. Berry and A. J. Berry, amounting to about the sum of $337, with six per cent interest from about April 5, 1868, the consideration being the one-half of the amount of said judgment, with the interest due thereon at the time of said

sale, and asks judgment for $180, with interest at six per cent from February 2, 1870.

Defendant denies all the allegations of the petition, and alleges that he purchased the judgment and paid in full therefor. Jury trial. Verdict for plaintiff for $180, with interest at six per cent from February 2, 1870. Motion for new trial overruled. Defendant appeals. The necessary facts are stated in the opinion.

*Nourse & Kauffman* for the appellant.

*Withrow & Wright* for the appellee.

DAY, Ch. J. — I. Upon the trial, the plaintiff, by direction of the court, assumed the burden of proof, and introduced as a witness the plaintiff Joel Osgood, who testified that his son, Joel Osgood, at the request of plaintiff, and in his presence, wrote plaintiff's name to the written assignment of the judgment. That his son Joel owned twenty-one head of the thirty head of cattle sold to Bringolf; that plaintiff authorized Joel Osgood, Jr., to sell plaintiff's cattle to defendant with his own, which he did; that the sale of the cattle by Joel, Jr., had nothing to do with the sale of the judgment. That the sale of the judgment was made by plaintiff after the sale of the cattle; that plaintiff made the agreement for the sale of the judgment himself, and as a separate transaction from the cattle trade. That his son never had any authority from him to sell or make any representations relative to the judgment. The defendant then testified that he bought the cattle and judgment of plaintiff; that the talk about the contract for the cattle was with the plaintiff and his son together, and part of the time about the cattle with the son; that no trade was made for the cattle until the trade for the judgment. That it was agreed between plaintiff and defendant, in presence of the son,

1. EVIDENCE: declarations of agent.

that defendant should have the judgment, in consideration that he would pay six cents a pound for the thirty head of cattle. That it was agreed between Bringolf and plaintiff that the son Joel should come to Des Moines and have Mr. Polk write the assignment of the judgment.

That the son did come to town and procure the form of the assignment to be written of Mr. Polk, and took the same home to have the signature of his father thereto. That defendant paid the six cents a pound for the cattle and received the assignment. That the son did nothing relating to the sale of the cattle without consulting the father, and refused to do any thing; that every thing done by the son relative to the judgment was at the request of, and in the presence of, the father, and that he was directed to do nothing relative thereto, except to get a written assignment of the judgment from Mr. Polk, and sign the same at the request, and in the presence of, plaintiff. That all money for the cattle was paid to young Joel, and nothing paid on the cattle to the old man.

Thereupon, defendant introduced Jeff. S. Polk, Esq., as a witness, who testified that he wrote the assignment; that the young man, Osgood, applied to him at his office to write the assignment. The defendant then asked the witness to state what the young man, Osgood, said as to the consideration of the assignment and agreement for assignment made with defendant. To this question plaintiff objected, upon the ground that defendant had not shown that he was the agent of plaintiff, or authorized in any manner to make statements or representations by which defendant would be bound. The objection was sustained. Defendant excepted, and now assigns the ruling of the court as error.

Appellant insists that where the evidence is conflicting as to the fact of agency, and there is evidence from which the jury may find the existence of the authority of the agent, the declarations of the person claimed to be agent

should go to the jury. We concede this to be the rule, provided the declaration be made as to a matter within the scope of his employment, and when engaged in the business of the principal. But we do not see how this rule aids the case of appellant. Taking the testimony of defendant alone, as establishing the relation of Joel Osgood, Jr., to the transaction, and placing upon it the most favorable construction in defendant's favor, it cannot be successfully claimed that it establishes young Osgood's agency for the sale of the judgment. "Every thing done by the son relative to the judgment was at the request of and in the presence of the father, and he was directed to do nothing relative thereto, except to get a written assignment of the judgment from Mr. Polk, and sign the same, at the request of plaintiff, and in his presence." But if it should be conceded, which the evidence by no means establishes, that at the time of the sale of the judgment he was the agent of plaintiff, and authorized to contract for him, and bind him by his declarations, it is too apparent for argument that he went to Mr. Polk's office for a specific purpose, and with authority limited to the single act of procuring Mr. Polk to write an assignment. His declarations, then, made in regard to the consideration of the assignment, or the terms of the agreement, certainly do not bind plaintiff. The declaration of an agent is not assimilated to the declaration of a party. The admission or declaration of a party binds him whenever made; that of the agent binds the principal only when it is made during the continuance of the agency, in regard to a transaction then depending *et dum fervet opus.* An authority to make an admission is not necessarily to be implied from an authority previously given in respect to the thing to which the admission relates. 1 Greenl. on Ev., §§ 113 and 114; *Sweatland* v. *Illinois & Mississippi Telegraph Co.*, 27 Iowa, 458. In our opinion the court did not err in excluding this testimony.

Osgood v. Bringolf.

II. At the instance of plaintiff, the court instructed the jury: 1. "The plaintiff sues for the purchase of a judg-

2. INSTRUC- ment claimed to be sold by him to defendant.
TION: pleading:
practice.      The burden of proof is upon the plaintiff; but when the plaintiff establishes the sale, the promise to pay, and the failure to pay, the defendant, having pleaded payment, has the burden to show such payment, and you must find this payment from a preponderance of the evidence." 2. "The consideration of a written instrument may be inquired into by oral testimony, and the amount named in the instrument may be shown to be false or incorrect."

Appellant insists that these instructions misled the jury as to the true issue between the parties; that the contest had no relation whatever to a payment subsequent to the making of the contract; that defendant claimed that the consideration for the assignment of the judgment was the purchase of the cattle; that plaintiff claimed the consideration was a promise to pay in the future; that defendant did not claim he had performed any such contract, but denied its existence. If the instructions given tended to mislead *the jury*, the responsibility mainly rests upon the defendant, whose answer is not in harmony with the position here maintained. Under the issue made, the burden of proof clearly was upon the defendant. "He says he purchased the judgment and paid therefor." Having made this issue, we do not think he can successfully maintain that he was prejudiced by this instruction. It was based upon the issue tendered. Besides, the abstract does not purport to contain all the instructions given. It may be that others were given, covering the state of case which appellant claims was made by the proof. Error must be affirmatively shown. It will not be, by this court, presumed. See cases cited in Dillon's Digest, 419. The principle embodied in the second instruction is elemental and familiar.

III. The court further instructed the jury as follows: "The words 'value received' do not necessarily import a consideration in money, and a promise to pay may legally be the consideration, without any money passing." There can be no doubt about the correctness of this instruction. The phrase is employed to denote that a consideration has been given. See Bouvier's Law Dictionary. The consideration may be as varied as the transactions of men. Not only does the phrase not necessarily import a consideration in money, but it does not conclusively import a consideration of any kind. It is competent, notwithstanding these words, to show that no consideration has been, in fact, received. *Abbott* v. *Hendricks*, 1 Man. and Gr. 791.

3. CONTRACT: use of words "value received."

IV. One of the grounds of the motion for a new trial is, that the verdict is against the evidence and excessive. The defendant also assigns error as follows: "The court erred in rendering judgment for plaintiff upon the verdict of the jury, the verdict being excessive, and not supported by the testimony." The plaintiff testified that defendant agreed to pay one-half the face of the judgment. The judgment sued on is for $330.48. The verdict of the jury is for $180, with interest at six per cent from February 2, 1872. The point was made by appellant, in the oral argument, that an agreement to pay one-half the *face* of a judgment is an agreement to pay one-half the sum for which the judgment was rendered, excluding the interest accrued thereon at the time of sale. This position we believe to be correct. The judgment was assigned on the 2d day of February, 1870. One-half the face of the judgment is $165.24. For this sum, with interest from 2d February, 1870, the plaintiff, if he so elect, may have judgment in this court.

4. —— assignment of judgment.

Otherwise the judgment of the court below must be

Reversed.