## DRAKE v. BUCK, Garnishee.

1. Instructions: REFUSAL OF. It is not erroneous to refuse an instruction which has been substantially given in the charge of the court.

2. Garnishment: ANSWER OF GARNISHEE AS EVIDENCE. While, under the statute, the answer of a garnishee is competent testimony in the trial of an issue taken thereon, its weight and credit are for the jury alone, and the court is not authorized to instruct in respect thereto.

*Appeal from Fayette District Court.*

SATURDAY, DECEMBER 16.

DEFENDANT was garnished at the suit of the plaintiff against Billings & Co., November 8, 1869. At the December term, 1869, plaintiff obtained a judgment against Billings & Co. for $850. The answer of the garnishee was taken, in which he denied being indebted to the defendants in any sum, or that he had the possession or custody of any property belonging to them at any time since being attached as garnishee. Upon this answer plaintiff took issue and alleged that the garnishee held possession of a large amount of property formerly in the possession of Billings & Co., and fraudulently transferred by them to Buck with intent to defraud their creditors, of which plaintiff was one, of which Buck had full knowledge. The issue was tried to a jury. Verdict and judgment for plaintiff. The garnishee appeals.

*Rickel & Fuller* and *Murdock & Childs* for the appellant.

*Ainsworth & Miller, Noble, Hatch & Frese* and *Zeigler & Berkey* for the appellee.

MILLER, J. — The first error assigned is the overruling of appellant's motion for a new trial, based upon the insufficiency of the evidence to sustain the verdict.

The question of fraud was fairly submitted to the jury upon the evidence, which was reasonably sufficient to authorize the jury to find the issue for plaintiff. The garnishee was the brother-in-law of one of the members of the firm of Billings & Co. The evidence tends to show that the firm was in failing circumstances at the time of the transfer. The purchase was of an entire stock of

Drake v. Buck.

goods without inventory, in gross estimated at $2,000, and all the other assets of the firm, consisting of book accounts, notes, and between $500 or $600 worth of eggs, which were spoiled, all estimated at $2,200. The accounts were taken at their nominal value. The consideration for the purchase was a mortgage held by appellant on the stock of goods for $2,200, which was delivered up, and appellant executed his promissory note for the balance, which the evidence tends to show was delivered to appellant's sister, the wife of one of the members of the firm. The evidence also tends to show that appellant knew of the failing circumstances of Billings & Co., and of their object in getting rid of their property. We are satisfied with the verdict of the jury upon the issue of fact.

II. On the trial appellant asked the court to give the following instruction : " The sale of the entire stock in trade by M. H. Billings & Co., to defendant, is not of itself a badge of fraud, and of itself raises no presumption of fraud " This was refused, and this ruling is assigned as error. This instruction is substantially given in the charge of the court, and it was not error, therefore, to refuse to give it again.

III. The appellant also requested the court to give the following instructions: " The answer of the garnishee agreed upon by the parties is a part of the evidence in this cause, and is entitled to the same credit and weight as though the garnishee had been placed on the stand, and his testimony given on the trial of the case." This also was refused, and its refusal is assigned as error. There was no error in this ruling. The statute makes the answer of the garnishee, in the trial of the issue taken thereon, " *competent testimony.*" Rev., § 3208. But the *credit* and *weight* to which it is entitled should be left to the jury. The court is not authorized to direct the jury in respect to the credit and weight to be given to the answer of the garnishee. It is the province of the court to deter-

mine the competency of evidence offered, but that of the jury to determine its credit and weight when admitted.

We find no error in the record and the judgment will be

Affirmed.