## CASE v. THE CITY OF WAVERLY.

1. **Municipal corporation:** LIABILITY FOR DEFECTIVE STREETS. A municipal corporation is liable for injuries resulting from a hole in a street which has been permitted to remain after the attention of its proper officers has been called thereto.

2. **Instructions:** REFUSAL OF. The refusal of an instruction substantially covered by those subsequently given constitutes no sufficient ground for reversal.

*Appeal from Bremer Circuit Court.*

WEDNESDAY, JUNE 11.

ACTION to recover for injuries caused by falling in the night time into a shallow well in the street, near the corner of Elm and Clay streets in the city of Waverly, left unguarded, as averred, by reason of the negligence of the defendant. The defendant denies its negligence, avers the plaintiff's negligence and want of notice to it, of the alleged defect. Trial to a jury; verdict and judgment for plaintiff for $347.76. The defendant appeals.

*Ephraim Kinna* and *G. C. Wright* for the appellant.

*M. E. Billings* and *Brown & Cole* for the appellee.

COLE, J. — The testimony tends to prove that at the crossing of Clay and Elm streets, and near to the ditch, private parties had, sometime prior to the accident, dug a well and had constructed a platform and curb to it; that soon after, it was ascertained that the well did not afford water, and hence it was not used, and the platform and curb went to decay and were finally wholly removed, and the well was filled up, by private parties, with dirt, sticks and stones; that afterward, the filling settled and left a hole near three feet deep, into which the plaintiff fell and fractured his ankle one dark night as he was going from his business to his residence. The testimony also tends to prove that the street commissioner of de-

fendant had been notified of the sinking and the hole left thereby, more than once prior to the injury to plaintiff. Under the evidence, the verdict of the jury was justified. It is urged here, that the court erred in refusing testimony as to the condition of the streets beyond the plaintiff's residence; but it did not, for such testimony was irrelevant. Errors are also assigned upon instructions given and refused. They aggregate thirty-five in number, and nine pages in print, and no particular error is pointed out, and no particular instruction is assailed as containing an error. We have examined them *seriatim* and carefully, and find no error in them. The third one asked by defendant and refused, and which contains the general proposition, that the plaintiff must have exercised ordinary care to avoid the accident, might properly have been given; but the same proposition was given, in quite as strong terms, in at least three other instructions, hence the error in refusing the one was cured by giving the others.

Affirmed.