## MOODY v. THE ST. P. & S. C. R. CO. ET AL.

1. **Verdict:** CONFLICT OF EVIDENCE. The verdict will be sustained in the case of a conflict of evidence, unless it appears that it was not the result of an honest and intelligent exercise of judgment.

2. **Instructions:** PRACTICE IN THE SUPREME COURT. Where the abstract sets out instructions, correct in principle, which were refused, but fails to state those given, it will be presumed that the jury were correctly instructed and that the instructions given embraced those refused.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, OCTOBER 6.

ACTION upon an account, the principal items of which are for services alleged to have been rendered under special agreements as to the amounts to be paid plaintiff therefor. The action was commenced before a justice of the peace, and judgment rendered for plaintiff. Upon an appeal to the Circuit Court a like judgment upon a verdict was had, from which defendants appeal. The Circuit Judge certifies that the case involves questions upon which it is desirable to have the opinion of this court.

*J. H. Swan,* for appellants.

The verdict not being sustained by the evidence, a new trial should have been granted. (*McKay v. Thorington,* 15 Iowa, 25; *Denton v. Lewis,* Id., 301; *Fawcett v. Woods,* 5 Iowa, 400.) A receipt showing the purpose for which money was paid, the length of time services were rendered, and the rate of compensation, is in the nature of a contract and cannot be contradicted by parol testimony. (2 Parsons on Con., 555.) A receipt cannot be contradicted by parol testimony respecting its statements, when they fix the terms or conditions upon which money is paid. (*Coon v. Snap,* 8 N.Y., 402; *Stapleton v. King,* 33 Iowa, 28.) A receipt in full will operate like a discharge to defeat any further claim by the party giving it, unless it is executed under such circumstances of mistake, accident or surprise, or is procured by such fraud, as will authorize a court of equity

to set it aside. (*Fullerton v. Crittenden,* 9 Conn., 401; *Bean v. Barnum,* 21 Conn., 204; *Hurd v. Blackman,* 19 Conn., 181.)

*L. S. Fawcett,* for appellee.

A receipt for money given on what purports to be a final settlement is not necessarily conclusive of the facts set forth; and it is only when there is a contract or agreement so embodied in the receipt that it cannot be separated from it that the instrument becomes conclusive. (*Filkins v. Whyland,* 24 N. Y., 338; *McDougall v. Cooper,* 31 Id., 498; *Stackpole v. Arnold,* 11 Mass., 27; *Tobey v. Barber,* 5 Johns. (N. Y.), 68; *Levi v. Carnick,* 13 Iowa, 344; *Smith v. C., F. & Minn. R. R. Co.,* 30 Id., 244; 1 Greenl. on Ev., 212.) The instructions given should have been set out in the abstract. Error must be affirmatively shown. (*The State v. Hamilton,* 32 Iowa, 572; *Drake v. Bush,* 35 Id., 472; *Case v. City of Waverly,* 36 Id., 545; *Osgood v. Bringolf,* 32 Iowa, 265.)

BECK, J.—I.   It is first insisted that the verdict is not supported by the evidence and for that reason the court erred in not sustaining a motion for a new trial. There was conflict in the evidence and there is no ground for holding that the finding of the jury was not the honest and intelligent execise of judgment upon the facts of the case. We cannot, for the reason assigned by defendants, disturb the judgment.

*1. VERDICT: conflict of evidence.*

II.   It is urged that the court erroneously refused certain instructions, which are set out in the abstract. Should we concede that these instructions are correct, we cannot reverse the judgment for their refusal upon the facts made to appear by the abstract before us. It is shown that the court instructed the jury, but the instructions given are not set out. We must, in the absence of error being made to appear affirmatively, presume in favor of the correctness of the court's rulings upon all questions. We will presume that the jury were correctly instructed and if any instructions were refused which announce correct rules of law, the refusal was

*2. INSTRUCTIONS: practice.*

on the ground that the instructions given presented the same doctrines. *Osgood v. Bringolf*, 32 Iowa, 265; *State v. Hamilton*, Id., 575; *Drake v. Buck*, 35 Iowa, 472; *Case v. City of Waverly*, 36 Iowa, 545.

AFFIRMED.