A. SEWELL & SON. Appellants, v. H. C. MEAD, Appellee.

**Breach of Contract:** SETTLEMENT: PLEADING: BURDEN OF PROOF:— Where in an action to recover damages for the breach of a contract for pasturing cattle, and to recover back a sum paid under protest to obtain the release thereof, the defendant answered admitting the payment of the sum claimed to have been paid, but alleged that such payment was made upon a settlement then had between the parties; *held*, that the burden was upon the plaintiff to prove that said payment was not in settlement, and that the court properly instructed the jury that, if a settlement was had, the plaintiff could not recover damages for the breach of the contract.

*Appeal from Butler District Court.*—HON. J. C. SHERWIN, Judge.

THURSDAY, MAY 19, 1892.

ACTION at law to recover thirty-one dollars and thirty-seven cents alleged to have been paid by the plaintiffs to the defendant under protest, and to recover two hundred and thirty-four dollars damages for an

alleged breach of contract. The case was tried by a jury, and a verdict and judgment rendered for the defendant. The plaintiffs appeal.—*Affirmed.*

*E. L. Smalley*, for appellants.

*J. H. Scales*, for appellee.

GIVEN, J.—The appellants state as the basis of this action that about May 5, 1889, the appellee agreed verbally with them to pasture for them one hundred and seventeen steers on his farm from that time until October 10th following, for one dollar and seventy-five cents per head; to furnish good and sufficient pasture, feed and water; not to overstock the pasture; and not to allow heifers or cows to be kept in the same pasture. They allege as their first cause of action that about September 13, 1889, the appellee sent them word "that they should come and get their stock, on account of the insufficiency of the feed;" that on that day they went and found the stock suffering for want of feed; that the appellee refused to allow them to take the stock without paying the full price for the full time, and refused to furnish any better pasture; "that under protest the plaintiffs paid the defendant the sum of two hundred dollars, or four and seventy-five one-hundredth dollars less than the full amount of the herd bill, which sum of two hundred dollars was in excess of the amount due said defendant, at the aforesaid rate and for the aforesaid time, in the sum of thirty-one and thirty-seven one-hundredth dollars, no part of which has been paid, for which the plaintiffs demand judgment." For further causes of action the appellants allege that the appellee failed to keep and perform said contract, in that he failed to furnish good and sufficient pasture, feed and water, failed to keep said steers separate from cows and heifers, and failed to keep them until October 10, 1889; that, by reason of

said breaches of said contract, the appellants were damaged two hundred and thirty-four dollars, which, with the thirty-one and thirty-seven one-hundredth dollars paid under protest, they ask to recover. The defendant answered, admitting that he pastured the plaintiffs' cattle, and that the plaintiffs paid him therefor, on September 13, 1889, two hundred dollars. He denies every other allegation in the petition, and alleges that said payment was made upon a settlement then had between them for the pasturing of the cattle. The foregoing is a sufficient statement of the issues to an understanding of the questions to be considered.

Upon the issue of settlement the court instructed that the burden was on the plaintiffs to show that the two hundred dollars was paid under protest, for the purpose only of releasing the stock from the defendant's lien, and not in settlement for keeping the same, and that if the two hundred dollars was paid as a full settlement the plaintiffs could not recover. The court submitted the following special interrogatory, which the jury answered in the affirmative: "Did the plaintiffs and the defendant have a settlement in full for the keeping and feeding of said cattle at the time the two hundred dollars was paid to the defendant by the plaintiffs, at the time the stock was taken away?" The appellants complain of the instruction as to the burden of proof, and cite *Osgood v. Bringolf*, 32 Iowa, 265. In that case payment is denied, while here it is admitted. The payment alleged being admitted, the presumption is that it was on settlement, and the burden is on the plaintiffs to overcome that presumption. They also complain of the other instruction mentioned, contend that a settlement as claimed would not include damages for a breach of the contract, and for this same reason it is urged that the court erred in submitting the special interrogatory. While the answer is not as specific as it might have been in that respect, it may fairly be understood as alleging a settlement in full of all

matters growing out of the keeping of the stock. We may infer that the appellants so considered it, from the fact that they did not ask to have the answer made more specific, did not at the time object to the special interrogatory, or ask that any different interrogatory be submitted. We see no error in submitting the question of settlement.

The only other question made, affecting this branch of the case, is that the verdict is not sustained by and is contrary to the evidence. It is neither necessary nor proper that we here discuss the evidence. It is sufficient to say that we think it fully sustains the special finding, that there was a settlement in full, and as that goes to all the causes of action the general verdict is sustained by the evidence. It follows from these conclusions that the plaintiffs were not entitled to recover for the alleged breaches of contract, and whatever errors, if any, occurred on the submission of that branch of the case, were without prejudice to the appellants.

The judgment of the district court is AFFIRMED.