W. C. MARRINER & BRO. v. THE JOHN L. ROPER COMPANY.

*Merchandise Orders—Rights of Assignees—Interpretation of Statute—"Face Value," Meaning of.*

1. The Act of 1889, chapter 280, which forbids the issuance of "non-transferable" tickets or scrip to laborers by their employers and requires all tickets or scrip issued to laborers for labor done to be "paid to the person holding the same *their face value* by the person, etc., issuing the same," does not authorize the assignee of a ticket or scrip payable in merchandise to demand and receive payment in money instead of in merchandise.

2. The "value" of a thing is its general power of purchasing, the command which its possession gives over purchasable commodities in general, and "face value" is the value expressed on the face of the writing in the commodity in which it is payable.

3. Statutes restricting or disabling persons capable of contracting in the making of contracts, being in derogation of common right, and especially those penal in their nature, must be strictly construed.

CIVIL ACTION, tried at Special Term, 1892, WASHINGTON Superior Court, before *Hoke, J.,* on appeal from a Justice of the Peace, before whom the plaintiffs, as transferees of the payees, brought their action to recover in money the aggregate value of certain orders issued since April, 1891, by the defendant corporation to the plaintiff's transferors for labor done and payable "in merchandise."

At the trial in the Court below everything was admitted necessary to bring before the Court the construction of the Act of 1889, ch. 280. It was in evidence that the plaintiffs had demanded the payment of said orders in money, but not in merchandise; and further, that the defendant had always been and at the trial was ready and willing to pay the orders in merchandise as called for, which plaintiffs refused to accept.

Upon an intimation by his Honor that plaintiffs were not entitled to recover, the plaintiffs submitted to nonsuit and appealed.

*Mr. L. C. Latham,* for plaintiffs (appellants).
*Mr C. L. Pettigrew,* for defendant.

MACRAE, J.: Everything is admitted in this case to bring before the Court the question of the construction of the Act of 1889, ch. 280, whether the assignee of the order or " scrip " issued by defendant, payable in merchandise, is entitled to require of defendant payment of the face value of the same in money instead of in merchandise. The language of the first section of the statute is as follows:

" That it shall be unlawful for any person or persons, firm or corporation, who employ laborers by the day, week or month, to issue in payment for such labor any ticket or tickets or other scrip bearing upon their face the words ' non-transferable,' or to issue tickets or scrip in any form that would render them void by transfer from the person or persons to whom issued, but all tickets or scrip issued to laborers for labor done shall be paid to the person holding the same their face value by the person or persons, firm or corporation issuing the same."

The operation of this statute was confined to certain counties named. By the Act of 1891, ch. 370, its provisions were extended to the county of Washington and subsequently, as we are informed, made general.

It will not be necessary for us to address ourselves to the very serious constitutional question how far it is in the power of the Legislature to abridge the contractual rights of persons *sui juris,* or attempt to mark the lines of public policy by which personal liberties may be restricted. These questions arise in the consideration of particular cases, and

must be met only when they are presented, and then with the mind of the Court disposed to uphold the legislation, unless it plainly appears to be in disregard of the principles of liberty guaranteed in the Constitution and in natural right.

In the case before us it is simply a matter of interpretation of the meaning of words where there is little room for construction. It is fully admitted that the orders in question are transferable, and that the assignee has all the rights of the original holder or payee. The difficulty has arisen in the construction of the words, "shall be paid to the person holding the same, *their face value.*"

If we may look to the caption of the act it reads: "An act to prevent manufacturers and others from issuing nontransferable tickets or other scrip in payment for labor done." The language of the act itself is large enough to relieve it from objections which would apply to class legislation, for it bears upon all persons, firms and corporations employing laborers. What is the meaning of "shall be paid * * * their face value"? Admitting the liberty of all persons, *sui juris*, to make contracts within the bounds of public policy, and therefore the right of the employee to accept and of the employer to give an order payable in merchandise for labor done, and the right of the payee to transfer and assign the same, do the words above quoted change the contract and authorize the assignee to demand and receive payment in money instead of in merchandise?

There is nothing in our view which would permit us to place the narrow construction contended for by the plaintiffs upon this statute so as to restrict the payment to money. The word "pay," while often in commercial transactions meaning satisfaction in money, has a much wider significance in its ordinary usage, and includes satisfaction, discharge, compensation. The only meaning of "face value"

which occurs to us is the value expressed on the face of the writing. This word "value" is a word more comprehensive than *price*. "By the price of a thing, therefore, we shall henceforth understand its *value* in money; by the value or exchange value of a thing, its general power of purchasing, the command which its possession gives over purchasable commodities in general." These are definitions given by Mill in his Political Economy. The word is used in many senses which might be illustrated, had we the time, but would serve no good purpose here.

If it had been the intention of the act to confine it to money, it would have been easy so to express it. In a statute of the same character in West Virginia the words used are, "face value in lawful money of the United States." Other words would have expressed the plain meaning of the Legislature if such had been its intention. We are not at liberty to supply words, unless they are clearly necessary to carry out the spirit and intent of the statute.

In this instance the face value is that which is expressed on the face of a paper—so many dollars in merchandise. To this the transferee is entitled, and in case of refusal on the part of the drawer or maker so to pay, the damage is measured in money. *Hamilton* v. *Eller*, 11 Ired., 276; *Lackey* v. *Miller*, Phil. Law, 26. But *this*, according to the admissions, the defendants are ready to pay, and the plaintiffs refuse to accept. The contract, made between parties "able to contract," constitutes an agreement that the obligation may be discharged in merchandise, and the assignee, by force of the statute, is in no better position than the original payee. It will be observed that this statute is not only in derogation of common right, but it is highly penal in its nature, the second section making it a misdemeanor to violate its provisions. By all rules we must apply to it a strict construction.

Every man of full age and sound mind is at liberty to make contracts, and if made upon good consideration and without fraud, he must be bound by them, unless by statutory provision he is disabled. And disabling statutes of that nature should be construed strictly, for, though founded in policy and a just regard to the public welfare, they are in derogation of private rights. *Smith* v. *Spooner*, 3 Pick., 229. We refer to the above case, not because we have no authorities of our own to the same effect, but simply to use the language which is so obviously appropriate to the matter before us.

No Error.                                        Affirmed.