Olson, Appellant, vs. Tanner and others, Respondents.

*March 25—April 17, 1903.*

*Tax certificates: Sale by county for "face value."*

1. The words "face value" in sec. 664, Stats. 1898 (providing that no county board shall sell any tax certificates owned or held by the county at less than the face value thereof, unless previous notice has been given of their intention so to do), mean the amount named in the certificate, for which the land was sold, without interest thereon.
2. The word "face," used in said sec. 664 prior to the revision of 1898, meant the same as the words "face value."

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed in part, affirmed in part.*

Action to foreclose six tax sale certificates on lots 11 and 12, block 1, city of Ashland. The lots were separately sold for delinquent taxes for the years 1895, 1896, and 1897, were purchased at the tax sales by the county, and certificates were issued accordingly, there being a certificate for each lot upon each sale. Subsequently the six certificates were sold pursuant to a resolution of the county board, for the amount expressed upon their face. They came to the hands of the plaintiff so as to vest a good title in him if the sale thereof by the county was valid. The complaint contained a cause of action as to each certificate. There was an answer, pleading in abatement as to the causes of action on the certificates for the year 1895, that the defendants, prior to the com-

mencement of this action, and prior to the sale of the certificates by the county, commenced an action in the circuit court for Ashland county to set such certificates aside, and that such action was still pending. There was a further answer to the effect that no notice was given as required by law, that a sale of the certificates by the county board for less than their face value was contemplated, hence that the sale thereof for the amount expressed upon the face of the certificates was void and vested no valid title in the purchaser. The court found upon due proof that the allegations in the answer as to the facts were true, and decided as a matter of law that since no notice was given by the county board of any intention to sell the certificates at less than the amount required to redeem the land therefrom, the sale thereof was void absolutely and plaintiff obtained no title thereto. Judgment was therefore rendered dismissing the complaint.

Upon the argument in this court counsel for appellant waived the appeal as to the certificates for 1895, they having been set aside in the suit pleaded in abatement, but insisted upon a reversal of the judgment as to the other certificates, upon the ground that the law did not prohibit the county from selling the certificates at the amount expressed upon their face, such amount being the face value of the certificates within the meaning of the statute.

For the appellant there was a brief by *Pat. Rowan*, attorney, and *A. W. Sanborn*, of counsel, and oral argument by *Mr. Sanborn*.

For the respondents there was a brief by *Tomkins & Tomkins*, and oral argument by *W. M. Tomkins*.

MARSHALL, J. This appeal turns on the meaning of the words "face value" in that part of sec. 664, Stats. 1898, which reads as follows:

"No county board shall . . . sell, convey or transfer, or order or direct the sale, conveyance or transfer of any

tax certificates owned or held by the county at less than the face value thereof unless such board shall have previously directed the county clerk to give notice of their intention so to do by publication thereof for four successive weeks in some paper published in the English language in such county and having a general circulation therein, and such notice has been so given. Any and all sales, conveyances or transfers of such certificates made in violation of these provisions shall be null and void."

Since each of the certificates in question was sold by the county board for the amount due and unpaid for taxes, interest and charges on the land described therein, for the year preceding the tax sale upon which it was based, as expressed therein, according to the requirement of sec. 1140, Stats. 1898, if the words in question mean more than that, clearly the titles upon which the maintenance of this action depended were void and the trial court properly granted the judgment dismissing the complaint with costs.

We are unable to discover anything upon the face of the certificate suggesting that "face value" can reasonably be held to mean anything but an equivalent for the sum of money expressed in the words of the paper. The certificates were in perfect harmony with the statutory form in sec. 1140, which is as follows:

"STATE OF WISCONSIN ⎫ ss.
    —— County        ⎬
                      ⎭
                      County Treasurer's Office, —— A. D. 18—.

"I, —— ——, county treasurer of the county of ——, in said state, do hereby certify that I did at public auction, pursuant to notice given as by law required, on this —— day of ——, sell to A. B. (or the county of ——) the lands herein described for the sum of —— dollars and —— cents, said sum being the amount due and unpaid for taxes, interest and charges on said lands for the year of our Lord one thousand eight hundred and ——; that said A. B., his heirs or assigns (or said county or assigns), will therefore be entitled to a deed of conveyance of said lands in three years from this date,

unless sooner redeemed from such sale according to law. Said lands are described as follows, with the sums for which each tract was sold set opposite to each description, that is to say: (Here insert description, and separately the amount bid on each tract.)

"A. B., County Treasurer."

There is nothing ambiguous about the words "face value" as applied to such a paper, therefore it would be useless to spend time discussing what they might be held to mean in the light of rules for judicial construction. Being used clearly in their plain, ordinary sense, there is no room for construction. It is considered here that the common meaning thereof in the relation under discussion is the amount named in the paper, not including interest or anything determinable by computation or evidence *aliunde,* especially where the right to interest does not appear upon the face of the paper. It will be observed that the subject of interest is not even alluded to on the face of the certificates. That presents the clearest kind of a case for confining the term "face value" to the money value expressed in the language of the paper.

We shall spend no time considering whether there is significance in the fact that the language of the statute, up to the time of the revision of 1898, did not include the word "value," as we see no reason for holding that "face" means any less than "face value." To our minds the addition of the word "value" was the mere interpolation into the law of a word which was there before by necessary implication. The face of a note or other paper naming a sum of money is manifestly the face value thereof. There is no difference between the statute now and as it formerly stood.

If we turn to the authorities we find substantial harmony with the views above expressed. All of the law dictionaries that treat of the subject cite *Osgood v. Bringolf,* 32 Iowa, 265, where it was held that the face of a judgment is the amount for which the judgment was rendered, no account

being taken of interest accrued thereon. Here is the way the law lexiconists treat the matter:

"The face of an instrument is that which is shown by the mere language employed, without any explanation, modification, or addition from extrinsic facts or evidence. . . . The face of an instrument is the principal sum which it expresses to be due or payable, without any additions in the way of interest or costs." Black's Law Dict. 468.

"The face of a judgment means the sum for which the judgment was rendered, excluding the interest accrued thereon." Abbott's Law Dict. 475.

"The words of a written paper in their apparent or obvious meaning, as, face of a note, bill, bond, check, draft, judgment, record or contract. . . . The face of a judgment is the sum for which it was rendered exclusive of interest." Bouv. Law Dict. 748.

"The sum less interest which appears to be due by an instrument or record." Anderson's Law Dict. 442.

To the same effect are, Lawson's Concordance, 131; English, Law Dict. 350; also *Evans v. Tillman,* 38 S. C. 238, 17 S. E. 49, and *Marriner v. Roper Co.* 112 N. C. 164, 16 S. E. 906, cited by appellant's counsel. Respondents' counsel bring to our notice with much confidence *Delafield v. Illinois,* 26 Wend. 192, 2 Hill, 159, and *Meixell v. Kirkpatrick,* 29 Kan. 679. Those cases, however, do not treat of the meaning of "face" or "face value" as regards an instrument merely naming a sum of money, as in this case. They deal with *prima facie* value of obligations to pay money, saying, in effect, that the apparent worth thereof is the amount due upon the face of the instruments, including interest. The obligation before the court in each case, it will be noted, indicated upon its face that the principal sum drew interest. If such adjudications bear at all on the questions here for decision, they are certainly not sufficiently persuasive to cause us to hesitate to apply what appears to be the common, ordinary and well-recognized meaning of the words under discussion where used in an instrument containing no reference whatever to the sub-

ject of interest. The learned circuit court, in our judgment, should have held that the tax certificates were not sold for less than their face value in violation of the statute, and that plaintiff was entitled to judgment, at least as to those of 1896 and 1897. We shall not deal with those of 1895, as we understand appellant has, in effect, withdrawn the appeal as to them.

*By the Court.*—The judgment is reversed as to the certificates of 1896 and 1897, and affirmed as to the certificates of 1895. The cause is remanded to the circuit court with directions to render judgment according to the prayer of the complaint upon causes of action 3, 4, 5, and 6.