*Murray & Koonce,* for plaintiff.

*B. F. West* and *George F. Arrel,* for defendants.

---

## CONDITIONS PRECEDENT OR SUBSEQUENT CONNECTED WITH A BEQUEST.

[Circuit Court of Cuyahoga County.]

BERTHA M. MORLEY, ADMINISTRATRIX OF THE ESTATE OF THOMAS M. MORLEY, DECEASED, v. N. S. CALHOUN, EXECUTOR OF THE ESTATE OF HARRIET M. TALBOT, DECEASED.

Decided, November 10, 1905.

*Verb "Pay" Construed—Bequest of Personalty upon Condition—Does not Fail, When—Motive of Testator—Words and Phrases.*

1. The verb "pay" usually means to satisfy in money, but it has a much wider signification and includes the ideas of satisfaction and discharge in any manner.
2. If personal property is bequeathed upon condition, either precedent or subsequent, which becomes impossible of performance through no fault of the legatee, the legacy does not fail unless it appears that the performance of the condition was the controlling motive for making the bequest.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Heard on appeal.

On the 21st day of January, 1898, Harriet M. Talbot made her will, the fourteenth item of which reads as follows:

"I give and bequeath to my brother, Thomas M. Morley, one black walnut bedroom set, with mattress and pillows going with the same, and in case he shall pay to me or my estate the amount of a note which I hold against him, I give and bequeath to him

the sum of $2,000, the same as to my other brothers, but in case said note shall not be paid either to me or my estate, then the bequest to him of said bedroom set is to be all he or his heirs are to receive from my estate, as the amount he now owes me is more than his reasonable share of my estate.''

Thereafter, on the 28th day of July, 1901, Mrs. Talbot assigned said note of $2,000, which then, with accrued interest, amounted to over $4,000, to T. D. Morley and Mrs. Lillis R. Nutting, her nephew and niece, children of her brother Thomas. The nephew paid her $200, and she acknowledged herself indebted to the niece in the sum of $200 for nursing which it was agreed was paid by said assignment of the note.

On the 23d day of September, 1901, the nephew and niece, in consideration of two notes executed by their father, each for the sum of $200, and one payable to each of them, acknowledged payment of said note, canceled it and delivered it to their father. The father dying, the said note for $200 was paid by the father's estate, but the daughter's note was never paid.

Thereafter Harriet M. Talbot died, her will was probated, and thereupon the heirs of the brother Thomas demanded of the executor payment of the legacy of $2,000 provided for in said fourteenth item of her will. The executor refused to pay said legacy, and the matter is here on appeal for direction to said executor in the premises.

The reason assigned by the executor for his refusal to pay the legacy is that it is upon condition that the brother Thomas pay testatrix, or her estate, said note of $2,000; that the comdition is precedent to the vesting of the legacy, was never performed and therefore the heirs of Thomas M. Morley are entitled to nothing thereunder.

It may be conceded that the general rule is that a condition precedent must be literally performed before an estate can vest, and that, in the case of a devise, if a condition becomes impossible to be performed, even through the act of the testator and without the fault or laches of the devisee, the devise fails.

The plaintiff claims that the devise to them as heirs of Thomas M. Morley under the fourteenth item of the will of Harriet M. Talbot, has not failed for three reasons:

First.  Because the condition was practically complied with.

It is urged with much force that when testatrix assigned said note "for value received" to the children of Thomas and they accepted from him his notes aggregating $400 in payment of the $2,000 note, the said Thomas M. Morley thus *paid* said note to his sister Harriet M. Talbot, during her lifetime.  Confessedly, so far as the latter was concerned, the note was then paid; she could not thereafter maintain an action thereon, nor is it claimed that her executor now has any claim based upon said note.  While the verb "pay" usually means, to satisfy in money, in ordinary usage it has a much wider signification and includes the ideas of satisfaction and discharge in any manner. *Marriner* v. *John L. Roper Co.*, 112 N. C., 164.

Second.  It is claimed that, as the condition might be complied with after the death of testatrix and simultaneously with the vesting of the estate, by a mere balancing of the legacy against the note, that the condition is subsequent and not precedent, and that the law is that in the case of conditions subsequent the impossibility of the performance of the condition without fault on the part of the legatee, discharges the condition and the bequest becomes absolute.

It is conceded that such is the law, but we find it unnecessary to determine whether, in this case, we have a condition precedent or subsequent, for we base our conclusion upon the third contention of plaintiff, which we think decisive.

Third.  It is contended that the rule as to conditions precedent, as claimed by defendant, is applicable only to devises of real estate and not to bequests of personal property, and that if personal property is bequeathed upon condition which, before the time of performance, becomes impossible to be performed, the property vests in the legatee upon the death of the testator, unless it appears that the performance of the condition was the controlling motive for the making of the bequest.

This statement of the law is supported by the weight of authority.  2 Redfield on Wills (1st Ed.), Section 665; 1 Roper on Legacies, 753; 2 Williams on Executors, 1128; 2 Jarman on Wills, 853; 2 Underhill on Wills, Section 489; *Gath* v. *Burton*, 1

Beav., 478; *Nunnery v. Carter,* 58 N. C., 370; 78 Am. Dec., 231, and note; *Burdis v. Burdis,* 96 Va., 81; 70 Am. St., 825, and note; 30 Am. & Eng. Enc. of Law, 801.

This modification of the harsh common law rule as to devises of real estate upon condition precedent was first adopted from the civil law by the ecclesiastical courts of England; it has been followed by courts in this country, and we believe it is based upon reason and the dictates of equity.

If Mrs. Talbot, technically, did not receive payment of her note from her brother Thomas, by assigning it to her nephew and niece, by whom it was turned over to him, she at least put it out of his power to comply strictly with the condition annexed to her legacy to him, and waived the performance of said condition. There is nothing in the will indicating that the performance of the condition was the controlling motive for the making of the bequest. She made the bequest to Thomas because he was her brother, not for the purpose of securing the payment of the note. It is true that she says "the amount he now owes me is more than his reasonable share of my estate," and she elsewhere in her will indicates that she desires her brothers to share equally in what she might leave, but her controlling motive in making *any* bequest to Thomas was her love for him. Had she said nothing about the note in her will and died seized of it, the law would have applied the legacy to Thomas upon his indebtedness to the estate.

Finally, we are not disposed to give to the word "pay" the technical and strict meaning claimed for it by the executor of the estate of Harriet M. Talbot. It was manifestly the intention of Mrs. Talbot, as expressed in her will, if her brother Thomas was indebted to her at the time of her death to forgive $2,000 of his debt, and if he was not then indebted to her, to bequeath to him the sum of $2,000.

As neither he nor his estate owed testatrix anything at the time of her death, we think the bequest should be paid, and the prayer of the petition is granted.

*Chapman & Howland,* for plaintiff.

*Calhoun & Guenther,* for defendant.