STATE OF IOWA, Appellee, v. ANDREW SMITH, Appellant.

Criminal law: WAIVER OF RULING. Where the record on appeal shows no ruling upon a motion it will be presumed that the ruling was waived.

Instructions: PRESUMPTION AS TO CORRECTNESS. Where the instructions are not all incorporated in the record on appeal it will be presumed that those given correctly embody the law of the case.

Instructions: REVIEW. Where no exceptions to the instructions were taken upon the trial the appellate court may properly decline to consider the matters of error contended for.

Murder: PREMEDITATION: PROVOCATION. Where the evidence will warrant a conclusion that a defendant charged with murder had ample time to reflect after discovering the provoking cause, and a deliberate killing of the deceased is admitted, the jury is justified in returning a verdict of guilty in the first degree.

*Appeal from Monroe District Court.*— HON. F. W. EICHIL-BERGER, Judge.

TUESDAY, JANUARY 14, 1908.

THE defendant was put on trial for murder, and was convicted of murder in the second degree.   From the judgment he appeals.   *Affirmed.*

*N. E. Kendall* and *Woodson & Brown,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

BISHOP, J.— It is conceded that at the time and place alleged in the indictment the defendant shot and killed one Samuel Irving. At the close of all the evidence the defendant presented a motion which in effect asked that the charge of murder be withdrawn and the case submitted to the jury simply on the charge of manslaughter.

Counsel say in argument that this motion was overruled. But the record before us does not show any such ruling. Accordingly it must be presumed that a ruling

1. CRIMINAL LAW: waiver of ruling.

was waived. *State v. Ross,* 21 Iowa, 467. And in this· view there is nothing before us on which to base a contention for error.

Several requests for instructions were presented by counsel for defendant, and these were refused. To the refusal exceptions were taken. Conceding the propriety of

2. INSTRUCTIONS: presumption as to correctness.

the requests, we cannot say that there was error in the refusal thereof. The instructions given by the court on its own motion are not all incorporated in the record submitted to us, and in this situation we must assume that all the rules of law applicable to the case were correctly embodied in the charge. *Moody v. Railway,* 41 Iowa, 284; *State v. Stanley,* 48 Iowa, 221.

Several of the instructions given are challenged as involving error. As no exceptions were taken thereto on the trial, we might well decline to consider the matters of error contended for; and we shall do no more

3. INSTRUCTIONS: review.

than to say that we have read the charge, as far as it is before us, and from our reading conclude that the defendant has no reasonable ground for complaint.

It is also said that the evidence warranted no more than a conviction for manslaughter. In this

4. MURDER: premeditation: provocation.

we do not agree. The evidence involves some disgusting details, and we shall not set it out. Suffice it to say that there was warrant for a finding that after

defendant had made discovery of the provoking cause which, as he says, prompted him to do the shooting, he went to another part of the house, got his revolver, loaded it, and then went up stairs to a room where Irving was lying in bed, and, without a word being said, fired the fatal shot. So finding, the jury might well conclude that there had been ample time for deliberation and premeditation.

No error appearing, the judgment must be, and it is, *affirmed.*