Argued September 12, decided October 3, 1911.

### AYER *v*. MOON.

[117 Pac. 991.]

TRIAL—ISSUES AND THEORIES OF CASE.

1. A party is entitled to have his theory of the case made by the pleadings and issues presented to the jury by proper instructions.

APPEAL AND ERROR—QUESTIONS PRESENTED—LIMITATION OF BILL OF EXCEPTIONS—INSTRUCTIONS.

2. Error is not presumed, and where a requested instruction which correctly states the law is refused, the party complaining must show

by his bill of exceptions that no instruction embodying it was given, or set out in the bill of exceptions all the instructions given, that it may appear whether the refusal to give the instruction was error; but where the instructions are oral, and the bill of exceptions states the instructions given upon the matter covered by the one asked, or that it was not included in any oral instruction, the refusal to instruct may be considered.

From Tillamook: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by E. R. Ayer against Seth F. Moon to recover money. The complaint alleges the delivery of a certain quantity of milk to defendant, upon the express agreement that he would manufacture the same into cheese, sell it at market value, and pay such market value to plaintiff after it was sold; that there were 1,294.17 pounds of cheese manufactured and sold at 14½ cents per pound, viz., $168.51, no part of which price has been paid to plaintiff.

The answer denies the agreement as set forth in the complaint, but alleges that defendant agreed to manufacture the milk into cheese and to sell the same at market value, and to pay plaintiff therefor when the money should be collected; and that defendant was to be allowed two cents per pound for his services, in addition to the expense of boxes and freight; that 750 pounds of cheese, so manufactured, were sold to the Oregon Cheese Company, the price of which has not been collected. An issue, not involved in this appeal, as to the amount of money paid by defendant on the contract, is also raised by the answer. The bill of exceptions states that plaintiff gave positive evidence tending to prove every allegation of the complaint, and that defendant likewise gave positive evidence tending to prove every allegation of the answer. Upon the trial defendant requested the court to give the following instruction: "Unless you find from the evidence that the defendant expressly agreed with plaintiff that defendant would be personally responsible to plaintiff for the price of cheese sold by defendant for plaintiff,

whether or not the defendant collected said price, then you should not find against the defendant for the price of any cheese sold by him for plaintiff and not collected by defendant"—which the court refused to give. The bill of exceptions states that the court gave the jury oral instructions upon the issues made by the evidence and the pleadings. There was a verdict in favor of plaintiff for the full amount sued for, and judgment was rendered thereon. Thereafter $30.90 of the judgment was remitted by plaintiff and credited upon the judgment, to cover defendant's commission and expense of boxes and freight. Defendant appeals.                                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. H. T. Botts.*

For respondent there was a brief with oral arguments by *Messrs. Talmage & Johnson.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1, 2. The only alleged error requiring consideration at this time is the refusal of the court to give the instruction requested by the defendant. There was an issue tendered by the complaint and answer as to whether defendant was to pay to plaintiff the market value of the cheese when sold at all events, or only when the price thereof was collected by him. The bill of exceptions states that there was positive testimony that by the agreement such a payment was to be made only when the price should be collected by defendant. This was defendant's theory of the case, and he was entitled to have it presented to the jury in a proper instruction, as stated in the one requested. Plaintiff does not question the applicability of the instruction, but says, that, if it was applicable, the court gave oral instructions upon the issues made by the evidence and pleadings, and that the requested instruction will be presumed to have been included therein. The

rule is that error will not be presumed, and if an instruction asked, which correctly states the law, is refused, it is the duty of appellant to show by the bill of exceptions that no instruction was given embodying it, or set out in the bill of exceptions all the instructions given by the court, that it may appear whether the refusal to give the instruction was error.

The bill of exceptions states that the court gave the jury oral instructions upon the issues made by the evidence and pleadings, but such instructions are not contained in the record. In *Dawson* v. *Pogue,* 18 Or. 94, 99 (22 Pac. 637, 639: 6 L. R. A. 176), Mr. Chief Justice Thayer says:

"It seems to be that it is the better rule to require counsel to bring here the instructions which the court did give, or have the bill of exceptions state what instructions were given, if any, in reference to the matter covered by the instructions asked and refused, before they are allowed to complain in consequence of such refusal."

In that case Mr. Justice Lord suggests that the above rule ought to be confined to cases where the instructions given are written, but he refrains from deciding the question. However, any difficulty arising from the fact that the instructions are oral would be easily avoided by a statement in the bill of exceptions of what was said by the instructions given upon the matter covered by the one asked, or that it was not included in any oral instruction. The rule stated by Chief Justice Thayer seems to be general. See *Moody* v. *Railroad Co.,* 41 Iowa 284; *Kennedy* v. *Anderson,* 98 Ind. 152; *Commissioners* v. *Roberts,* 22 Kan. 762; *Elliott* v. *Rosenberg,* 17 Mo. App. 668. Therefore error in refusing the instruction asked is not shown.

From the record the error in the verdict and judgment clearly appears to have been an oversight of the jury in

not crediting to the defendant an item admitted by plaintiff, but that error was rectified by the credit being made upon the judgment, and defendant has no cause to complain.

The judgment is affirmed.                    AFFIRMED.