[Civ. No. 2003.   Fourth Appellate District.—August 11, 1937.]

W. D. WILSON et al., Respondents, v. JUSTICE'S COURT OF SAN DIEGO TOWNSHIP et al., Appellants.

Thomas Whelan, District Attorney, and Bertram McLees, Jr., Deputy District Attorney, for Appellants.

Liggett & Liggett for Respondents.

JENNINGS, J.—On July 2, 1936, Lila Taggart was duly arrested under authority of a warrant in a criminal action filed in the Justice's Court of San Diego Township and was taken before Honorable Dean Sherry, a justice of said court, who ordered that she be released from custody if and when she should deposit bail in the amount of $250.  Thereafter the said Lila Taggart and W. D. Wilson, a regularly licensed bail bond broker in the city of San Diego, acting in her behalf offered to provide bail for Lila Taggart in said action in the above-mentioned amount by tendering to the aforesaid justice three bonds of the government of the United States of America.  One of the bonds thus tendered had a face value of $50 and bore interest at the rate of 3 per cent.  Another of such bonds had a face value of $100 and the interest rate payable thereon was likewise 3 per cent.  The third bond had a face value of $100 and bore interest at the rate of

$3\frac{1}{4}$ per cent per annum. Each bond so tendered had attached thereto all of the coupons providing for payment of interest which had not at the time of tender become due and payable. Upon such tender the above-mentioned justice declined to accept the above-described bonds as bail and refused to order the release of said prisoner from custody on the security so offered. Thereupon Lila Taggart and W. D. Wilson filed a petition in the Superior Court of San Diego County directed against said justice's court and the aforesaid justice thereof whereby they sought the issuance of a writ of mandate compelling said defendants to accept as bail the bonds so tendered. A demurrer to the petition, both general and special, which was filed by the defendants was overruled. The defendants elected to stand on the demurrer and failed to file an answer to the petition within the time provided by law. Thereafter the superior court entered judgment ordering said defendants to accept the above-mentioned bonds as bail. From this judgment defendants appeal.

The sole question involved in this appeal is stated in appellants' opening brief to be as follows: "Is it mandatory upon a Justice of the Peace to accept bonds of the United States in lieu of a deposit of money pursuant to sec. 1298 of the Penal Code in the absence of a showing that the present cash value of the bonds is equal to or exceeds the sum fixed as bail?"

At the time the bonds were tendered the language of section 1298 of the Penal Code was as follows:

"Deposit of United States and state bonds, or equity in real property as bail. Hearing. In lieu of a deposit of money, the defendant may deposit bonds of the United States or of the state of California of the face value of the cash deposit required, and such bonds shall be treated in the same manner as a deposit of money or the defendant may give as security any equity in real property which he owns. A hearing, at which witnesses may be called or examined, must be held before the magistrate to determine the value of such equity and if the magistrate finds that the value is equal to twice the amount of the cash deposit required he shall allow such bail. The clerk shall, under order of the court, when occasion arises therefor, sell the said bonds or the equity and apply the proceeds of such sale in the manner that a deposit of cash may be required to be applied."

It is apparently the contention of appellants that respondents were required to establish to appellants' satisfaction that the present cash value of the bonds tendered equalled the sum of money fixed as bail and that in the absence of such showing no legal duty was imposed on appellants to accept the bonds. The contention thus advanced is not impressive. The above-quoted statute specifies that a defendant may, in lieu of money, deposit bonds of the United States "of the face value" of the cash deposit required. The judgment from which this appeal is taken refers to the statute and recites that it is the opinion of the trial court that the phrase "face value" means "that value, written or printed on the face of said instruments and the unmatured coupons attached thereto, without reference to the actual or market value of said bonds". It is our opinion that the definition of the phrase is correct. (25 C. J., p. 333; *Marriner* v. *John L. Roper Co.*, 112 N. C. 164 [16 S. E. 906]; *Evans* v. *Tillman*, 38 S. C. 238 [17 S. E. 49]; *Olson* v. *Tanner*, 117 Wis. 544 [94 N. W. 305]; *Robertson* v. *Moses*, 15 N. D. 351 [108 N. W. 788]; *In re Stoneman*, 146 N. Y. Supp. 172; *Investors' Syndicate* v. *Willcuts*, 45 Fed. (2d) 900.)

The judgment is therefore affirmed.

Barnard, P. J., concurred.