Syllabus.

# Wytheville.

## BURDIS AND OTHERS V. BURDIS.

### JUNE 16, 1898.

#### Absent, Cardwell, J.

1. ESTATES—*Conditions Precedent and Subsequent.*—If a condition precedent is annexed to a devise of real estate, and its performance is or becomes impossible, the devise fails, although the devisee is without fault; but if the condition be subsequent, and its performance becomes impossible without fault of the devisee, the estate is not defeated or forfeited, but the devisee holds the property by absolute title as if no condition had been annexed thereto.

2. ESTATES—*Conditions Precedent and Subsequent.*—Whether a condition annexed to an estate is precedent or subsequent depends upon the intent of the person creating the condition. The same words may make the condition either precedent or subsequent. If the language of the particular clause or of the whole instrument shows that the act on which the estate depends must be performed before the estate can vest, the condition is precedent, and unless it be performed, the devisee or grantee can take nothing. But if the act does not necessarily precede the vesting of the estate, but may accompany or follow it, and this can be collected from the whole instrument, the condition is subsequent.

3. WILLS—*Case in Judgment—Conditions.*—A testator devised to his wife "the homestead and five acres around the house during her natural life, with the understanding that my son Albert will support and take care of her, and at her death said homestead and land shall return to my son Albert as compensation therefor." By a subsequent clause of the will the testator expresses the wish that his son Albert will support and provide for his two sisters as long as they remain single. The testator survived his wife, but made no change in his will.

    HELD: Albert takes a fee-simple estate in the homestead and five acres.

4. CONDITIONS PRECEDENT AND SUBSEQUENT—*Legacy—Devise.*—While there is a difference between a legacy and a devise where there is a condition

precedent annexed to an estate, there is no difference where the condition is subsequent; but in the latter case the estate to which the condition is annexed, whether it be land or a money legacy, if the performance of the condition be rendered impossible, becomes by that event absolute in the devisee as well as in the legatee.

Appeal from a decree of the Circuit Court of Stafford county, pronounced May 12, 1897, in a suit in chancery wherein the appellee was the complainant, and the appellants and others were the defendants.

*Affirmed.*

The chief question involved in this suit was the proper construction of the will of Joseph Burdis. The will is as follows:

"In the name of God. Amen. I, Joseph Burdis, of the county of Stafford, State of Virginia, do make this my last will and testament:

"First. I desire all my just debts to be paid, if there be any.

"Second. I give and bequeath to each of my children, Mrs. Julia Johnson, Mrs. Isabel Henderson, Mrs. Helen Dees, and Charles E. Burdis, ten dollars apiece to them and their heirs forever.

"Third. I leave and bequeath to my wife, Martha A. Burdis, the homestead and five acres around the house during her natural life, with the understanding that my son Albert will support and take care of her, and at her death said homestead and land shall return to my son Albert as compensation therefor. But in the event of her marrying, I desire her to get one hundred and twenty-five dollars ($125) in money, and none of my real estate.

"Fourth. I wish my son Albert to support and provide for his two sisters, Mary Ellen and Etta Pauline, as long as they remain single, and when Etta becomes of age, I desire the rest of my property, both real and personal, to be equally divided between my three children, Mary Ellen, Etta Pauline, and Albert,

to them and their heirs forever. I hereby appoint my son, Joseph A. Burdis, my executor, and desire no security to be required of him.

"Witness my hand and seal this 19th day of February, 1894.
                          JOSEPH BURDIS. [Seal.]"

The opinion states the case.

*Little & Little,* for the appellants.

No counsel for the appellees.

RIELY, J., delivered the opinion of the court.

Joseph Burdis devised to his wife for her life his homestead and five acres of land, with the understanding that his son, Albert, would support and take care of her, and at her death the homestead and land should return to Albert as compensation therefor.

The wife of the testator died in his lifetime, and the matter to be determined is, whether or not his son, Albert, is entitled, under these circumstances, to the homestead and land. This depends upon the question whether the condition upon which he was to have the property was a condition precedent to its vesting in him, or was a condition subsequent, the nonperformance of which would divest the estate given to him by the will.

The law is clear that where a condition precedent is annexed to a devise of real estate, and its performance is or becomes impossible, the devise fails, although there be no default or laches on the part of the devisee himself (2 Jarman on Wills 10; 4 Kent's Com. 125; and 2 Minor's Institutes 228); but if the condition is subsequent, and its performance becomes impossible, the rule is different. In that case the estate will not be defeated or forfeited, but the devisee will hold the property by an absolute title, as if no condition had been annexed to the

devise. 2 Jarman on Wills 11; 4 Kent's Com. 130; *Ridge-way* v. *Woodhouse,* 7 Beav. 437; *Collett* v. *Collett,* 35 Beav. 312; *McLachlan* v. *McLachlan,* 9 Paige 534; *Martin* v. *Ballou,* 13 Barb. 119; *Livingston* v. *Gordon,* 84 N. Y. 140; *Merrill* v. *Emery,* 10 Pick. 507; *Parker* v. *Parker,* 123 Mass. 584; and *Morse* v. *Hayden,* 82 Me. 227.

There are no technical words to distinguish between conditions precedent and conditions subsequent. The distinction is matter of construction. The same words may indifferently make either, according to the intent of the person who creates the condition. If the language of the particular clause, or of the whole will, shows that the act on which the estate depends must be performed before the estate can vest, the condition is precedent, and unless it be performed, the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting of thé estate, but may accompany or follow it, and this can be collected from the whole will, the condition is subsequent. *Finlay* v. *King,* 3 Pet. 346; *Martin* v. *Ballou,* 13 Barb. 119; and 4 Kent's Com. 124.

The words, " with the understanding that my son Albert will support and take care of her," in the will under construction, which are relied upon as constituting a condition of the gift to the son, are not annexed thereto, but are connected with the devise to the testator's wife. The testator owned, in addition to what he called the homestead, a tract of land of 107 acres, and the words which are coupled with the devise to the wife were manifestly assigned as a reason for the devise to her of the homestead and the five acres around it, and not as a condition of the gift to her, while the words " as compensation therefor," which are attached to the devise to the son, do not constitute so much a condition of the gift to him as show the motive for it.

But if the language referred to be in legal effect a condition of the devise to the son, there is nothing in the will that makes the support and care of the wife of the testator by their son Albert necessarily precede the vesting in him of the estate in

remainder, but much to indicate the contrary. The obligation relied upon as a condition precedent was not a single act, to be done or omitted at once, but a continuing condition, which might run through a long series of years, and require the performance of many acts.

The support and care of the wife was a continuing duty as long as she might live. If she had survived the testator she would have only been forty-five years old at the time of his death, and would have had, according to all human calculation, many years still of expectation of life. There is nothing in the will to indicate that the testator intended the devise to the son to remain in " a state of contingency " during the many years that he might have the support and care of his mother, and it would be unreasonable to believe, without an express direction or plain implication in the will to that effect, that he so intended. Although he lived more than a year after the death of his wife, he left his will unchanged. By it he also required his son to support and provide for his two sisters, the younger of whom was only fifteen years of age, as long as they might remain single, an obligation that might terminate in the lifetime of the mother, or continue long after her death. Taking the whole will together, as should be done, we are of opinion that the condition upon which the testator's son, Albert, was to take the estate was a condition subsequent, and not a condition precedent, and its performance having been rendered impossible by the act of God in the death of the wife in the lifetime of the testator, Albert holds the estate by an absolute title as if the testator had attached no condition to the devise.

In *Nunnery* v. *Carter*, 5 Jones Eq. 370, the testator devised to his wife a tract of land for her life, with remainder to his son James. He also bequeathed to her certain slaves and other personal property for her life, and then " to be James Carter's, provided he take care of his mother; if not, to be whose that does take care of her." The wife in that case, as in the case at bar, died in the lifetime of the testator, and it was contended there,

as it is here, that the slaves and other personal property were given to James upon a condition precedent, which, being rendered impossible by the death of the tenant for life, the property never vested in him, but remained undisposed of, and subject to be distributed as intestate property. The court, however, held that the condition, "though in form and appearance a precedent one, was, in reality and legal effect, a subsequent condition, and as such could not, by becoming an impossible one, prevent the legacy from taking effect." It is true that it was the case of a legacy, and that the subject of the present controversy is a devise. While there is a difference between a legacy and a devise where the condition is precedent, there is no difference where the condition is subsequent; but in the latter case the estate to which the condition is annexed, whether it be land or a money legacy, if the performance of the condition be rendered impossible, becomes, by that event, absolute in the devisee as well as in the legatee. 2 Jarman on Wills 10; *Finlay* v. *King*, 3 Peters 346; and *Martin* v. *Ballou*, 13 Barb. 119.

In *Birmingham* v. *Lesan*, 77 Me. 494, the testator devised to his wife all his real estate for her life, the same to go to John Mehan at her death, if any remained, provided he maintained and provided for her decently from the proceeds of the farm, or otherwise; but if he failed to provide for her, then she was empowered to call on the selectmen to provide for her in her own house. The will also provided that John Mehan should be allowed to use the farm for the purpose of maintaining himself and the testator's wife by farming the same. It was held by the court that John Mehan took the estate upon a condition *subsequent*, but having failed to perform the condition, the heirs, or residuary devisees, had the right to create a forfeiture by an entry for that purpose, although the will contained no clause of that purport.

There is no error in the decree appealed from, and the same must be affirmed.

*Affirmed.*