## Richmond.

## ARMENTROUT AND OTHERS V. ARMENTROUT'S EXECUTORS AND OTHERS.

November 16, 1911.

Absent, Cardwell, J.

1. WILLS—*Construction—Case in Judgment—Election—Interest on Legacy.*—A testator devised and bequeathed his estate (chiefly real estate) to his wife for life, with remainder in fee to five of his children, and expressed the wish in his will that the children mentioned would pay the sum of $400 to each of his three remaining children.

   *Held:* 1. The three legacies of $400 each constitute a charge upon the estate in remainder given to the children, but not upon the life estate given to the widow.

   2. The remaindermen have the right to elect whether they will or will not accept the devise to them subject to the charge imposed thereon, but this election cannot be compelled until the expiration of the life estate, for until then they cannot determine the value of the devises and bequests to them.

   3. The legacies charged on the estate in remainder do not become payable until the expiration of the life estate, and hence do not bear interest except from that date.

2. WILLS—*Legacies—When Interest Begins.*—Where legacies are payable by an executor out of the estate of the decedent in his hands to be administered, the general rule is that they are payable at the end of one year from the death of the testator, with interest from that date, unless some other time is fixed by the will when interest is to begin; but where the time of enjoyment of the corpus of a legacy is postponed by the will, it does not bear interest except from the time the right of enjoyment begins.

3. WILLS—*Remainder Charged With Legacy—Interest on Legacy.*— Where a remainder after the determination of a life estate is devised subject to the payment of a legacy charged thereon,

it is reasonable to suppose that the testator intended that the remainderman should have possession of the property charged as a means of discharging the legacy, hence the legacy is not payable and does not bear interest until the expiration of the life estate.

4.  EQUITY PLEADING—*Demurrer—When Unnecessary to Pass on All Grounds.*—Where the ground of demurrer upon which a bill is dismissed goes to the foundation of complainant's case, it is unnecessary to pass on other grounds of demurrer relied on by the defendant.

5.  EQUITY PLEADING—*Executors—Allegation of Necessity for Bond.*— The bare statement of a bill that executors named as defendants were not required to give any bond to account for the estate, and that complainants feared their rights might be impaired is not sufficient to support the bill, in the absence of an allegation of any act or omission on their part showing the necessity of a bond for that purpose.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*John E. Roller,* for the appellants.

*Chas. D. Harrison* and *D. O. Dechert,* for the appellees.

HARRISON, J., delivered the opinion of the court.

In June, 1906, Augustine Armentrout departed this life, having first made his last will and testament, dated February 14, 1901, which was duly recorded in Rockingham county in June, 1906. The testator, after the payment of his debts, gives his farm upon which he resides, his household furniture and his other personal property to his wife, and at her death he gives the same to his sons Johnston P., James C., Robert A. and Martin L. Armentrout and his daughter Hattie G. Clatterbuck. The testator then pro-

vides as follows: "It is my wish that my sons Johnston P., James C., Robert A. and Martin L. and my daughter Hattie shall pay to Henry A. Armentrout $400, Jennie Baker $400, and E. L. Armentrout $400 less what he is due me at my death."

The bill in this case was filed by the three beneficiaries of these charges of $400 each, exhibiting therewith the will, and praying for a decree enforcing the payment of such charges with interest from June 13, 1906, against the defendants who were the owners of the estate in remainder after the expiration of the life estate of their mother. The only other allegation of the bill is that the executors (two of the sons who took the estate in remainder) were not required to give bond, and complainants feared that their rights might therefore be impaired.

The defendants demurred to the bill upon the ground, among others, that the sums which by the will were directed to be paid severally to the complainants by the demurrants were not due from them until the death of Margaret Armentrout, to whom the entire estate was given during her natural life; that the bill does not allege the death of the life tenant, and, therefore, fails to show a present right in the complainants to have payment of the several sums demanded by them. This ground of demurrer was sustained by the circuit court and the bill dismissed. From that decree this appeal has been taken.

It is clear that the three several sums of $400 each constitute charges upon the interests of those to whom the estate in remainder is to pass, but there is nothing in the will to justify the contention of the appellants, that the testator intended that the whole estate should be charged with their payment, and that the widow and her children should only have the residue after satisfying these charges. The provision for the appellants is that the sums named shall be paid to them, and the charge is, not upon the

shares of the widow and the appellees, but upon the shares of the appellees alone. It is very plain that the testator never intended that the life estate given to his wife should be diminished for the purpose of satisfying the sums claimed by the appellants.

The will gives the appellees the estate in remainder, after the expiration of the life estate of their mother, and nothing more, and it requires the appellees to pay the appellants $400 each, thus making these sums a charge upon the estate in remainder of the appellees and upon no other estate.

Under the will the appellees do not come into possession of any part of the estate devised and bequeathed to them until the expiration of the precedent life estate, and then their interest is subject to the payment by them of $400 to each of the three appellants. Clearly the appellees have the right to elect whether they will or will not accept the provision for them coupled with the requirement that they discharge the payments imposed upon them by the will. There is no allegation in the bill that the remaindermen have elected to accept the devise and bequest in their favor, and until the expiration of the life estate they cannot be required to make such election, because until that time arrives they cannot determine the value of the devises and bequests to them. The personal property consisting evidently, from the will, in large part of household furniture and farming equipments, is liable to be consumed in its legitimate use by the life tenant, while the real estate is subject to fluctuation in value.

In *Showalter* v. *Showalter*, 107 Va. 713, 60 S. E. 48, this court quotes with approval 2 Minor's Inst. (4th ed.) 1006, where it is said: "It is well established that no one shall be constrained to make an election until the interests to which the election relates are clearly defined and their relative values ascertained; and an election made before

that is done will, for the most part, be disregarded, at least if it be made under mistaken impressions as to the facts." This language is again quoted with approval in *Waggoner* v. *Waggoner*, 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N. S.) 644.

It is not denied that the general rule with respect to legacies is, as contended by appellants, that they are payable at the end of one year from the death of the testator, with interest from that date unless some other time is fixed by the will when interest is to begin. This general rule, however, is applied in cases where the legacies are made payable by the executor out of the estate of the decedent in his hands to be administered. Our attention has been called to no case where this rule has been applied to a case like that under consideration, where the charge is upon an interest to arise after the expiration of a life estate and to be paid by another legatee or devisee.

One of the cases relied on by the appellants is *Shobe* v. *Carr*, 3 Munf. 10. This is an authority to the contrary. In that case the court, under its construction of the will there involved, was of opinion that the widow was entitled to a life estate in one-third of the personalty of the decedent, with remainder in equal shares to the children, and that the real estate was devised, with right of immediate possession, to certain of the children, charged with payments for the benefit of others. Upon this state of facts Judge Roane, speaking for the court, says: The "court is of opinion that, under the will of Martin Shobe, the appellees were entitled to one-fifth part of two-thirds of the estate of the said Martin Shobe (exclusive of lands) with interest thereon from the end of one year from the death of the testator; and also to one-fifth part of the remaining one-third of the same (which was bequeathed to the wife of the said Martin Shobe) from and after the time of her death, with interest thereupon in like manner from the end of the year in which she shall have died."

This case shows that a legacy postponed in time of enjoyment as to the corpus does not bear interest except from the time the right of enjoyment begins, which so far as the question of interest is concerned is in accordance with the contention of the appellees in the case at bar.

The appellants contend that it must be presumed that the testator intended to give all of his children an equal interest in his estate, and that this intention would be defeated unless the appellees were required to pay now the charges upon their estate in remainder, with interest thereon from the testator's death. Without pausing to question the presumption relied on, but admitting its existence only for the sake of the argument, it by no means follows that the intention thus attributed to the testator would be carried out by adopting the method proposed by the appellants. If the interests are equal, all ought to await the death of the life tenant. It would be a very unequal distribution of the estate to give three of the children their equal interests now, and require the other four to wait for theirs indefinitely, until the preceding life estate was ended.

We are of opinion that the reasonable interpretation of the testator's will is that the three several sums of $400 each given to the appellants constitute charges alone upon the interests of those to whom the estate in remainder is to pass; that these charges do not become payable until the expiration of the life estate and, therefore, do not bear interest except from that date, for the reason that otherwise the interests of the remaindermen might be sacrificed. It is reasonable to suppose that the testator intended that those upon whom he imposed the burden of the charges should have possession of the property charged as a means of discharging them.

One of the grounds of demurrer filed by the defendants was that the executors of Augustine Armentrout were not proper parties to the bill, and counsel for appellants indulge

84

in a lengthy discussion to show that they were proper parties, and insists that it was the duty of the circuit court to pass upon every ground of demurrer relied on.

As the ground of demurrer upon which the circuit court rested its decree went to the foundation of the complainants' case, there was no occasion for it to pass upon the other grounds relied on by the defendants.

The only allegation of the bill, other than the assertion of the present right in complainants to enforce payment of the charges in their favor, is the bare statement that the executors were not required to give bond to account for the estate, and complainants feared their rights might be impaired. There is no allegation of any act or omission on the part of the executors which could justify the court in holding that it was necessary to exert its powers in order to preserve the estate. A glance at the bill is sufficient to show that its sole purpose was to assert the right of complainants to the present enforcement of their claims. Upon the third ground of demurrer the circuit court properly decided that question adversely to the appellants, and its decree must be affirmed.

*Affirmed.*