𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

LEAH ELIZABETH WENNER V. ASHLAND C. GEORGE, ET ALS.

March 17, 1921.

1. CONDITIONS—*Whether Conditions are Precedent or Subsequent.*— There are no technical words to distinguish between conditions precedent and conditions subsequent. The distinction is matter of construction. The same words may indifferently make either, according to the intent of the person who creates the condition. If the language of the particular clause, or of the whole will, shows that the act on which the estate depends must be performed before the estate can vest, the condition is precedent, and, unless it be performed, the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting of the estate, but may accompany or follow it, and this can be collected from the whole will, the condition is subsequent.

2. W|LLS.—*Conditions—Provision in Will that Devisee Shall Pay His Sister a Certain Sum of Money—Liability of Remaindermen.*—A testator devised certain lands to his son, with remainder to his son's heirs at law, provided that the son paid his sister $4,000 within ten years, interest to be paid by the son on any part of the $4,000 that remained unpaid at the expiration of five years from the probating of the will, and further provided that any legatee in his will signifying his intention not to abide by its provisions should forfeit his interest under the will. The conduct of the parties clearly showed that they accepted all of the benefits conferred by the will.

   *Held:* That the testator intended that his son should personally pay the $4,000 legacy, and that the interest of the remaindermen was not charged with any part thereof, but the life estate of the son was an auxiliary security for the legacy, and charged therewith as the only property indicated by the testator for its payment.

Appeal from a decree of the Circuit Court of Loudoun county. Decree for defendant. Complainant appeals.

*Amended and affirmed.*

The opinion states the case.

*Wm. H. Martin*, for the appellant.

*E. E. Garrett, M. J. Fulton* and *John J. Wicker, Jr.*, for the appellee.

PRENTIS, J., delivered the opinion of the court.

The appellant filed her bill against Ashland C. George and others, the object of which was to establish a legacy under the will of her father, Samuel W. George, Sr., as a charge and lien upon the corpus of certain real estate which had been devised by her father, Samuel W. George, Sr., to her brother, Ashland C. George, for life, with remainder to his heirs at law.

Two of the children of Ashland C. George answered the bill and denied that the legacy was a lien upon their interest in the property. The circuit court entered a decree, the substantial part of which reads thus:

"On consideration whereof, the court is of the opinion that the sum of four thousand dollars required in the will of Samuel George, deceased, to be paid to Leah Elizabeth Wenner by Ashland C. George is a mere personal charge on the said Ashland C. George and is in no wise a lien or charge upon the land devised the said Ashland C. George for life, nor on the interest in remainder.

"And, further, the court is of the opinion that the true construction of the following clause of the will of Samuel George: 'I will and bequeath to my son, Ashland Clay, the farm on which he at present resides, known as the Hamilton farm, also to the said Ashland C. George the mountain lot known as the Hamilton and Cole land, on the east side of Short hill, provided the said Ashland C. George pays to his sister, Leah Eliabzeth Wenner, the sum of four thousand

·dollars within ten years, interest to be paid by the said A. C. George on any part of this sum that remains unpaid at the ·expiration of five years from the probating of this will'—is that this devise to the said A. C. George was subject to a consideration, namely, the payment of the sum of four thousand dollars to Leah Elizabeth Wenner within ten years, and the payment thereof was a condition precedent to the said Ashland C. George taking any interest in the land. But it appearing to the court from the admissions in the pleadings that the said Ashland C. George has been in the occupancy of said land since the death of the testator and has been in receipt of the rents and issues of the said land, the court is of the opinion that by his acceptance of the benefits of and the occupation of said land, he, the said Ashland C. George, should in equity and good conscience be required to pay to the said Leah Elizabeth Wenner the said sum of four thousand dollars, with interest from September 9, 1918, until paid, and accordingly the court doth order and decree that said Ashland C. George do pay to Leah Elizabeth Wenner four thousand dollars and interest from September 9, 1918, and her costs, and she shall have execution on this decree."

From this decree, both Leah Elizabeth Wenner and Ashland C. George have appealed.

[1] The briefs raise questions as to whether the devise to Ashland C. George created a vested or contingent estate, was on condition precedent or subsequent, and direct attention to those subtle distinctions which have for so long taxed the intellects of the sages of the law, and continue to confound those of lesser men. We do not think it necessary in this case to undertake to solve all of the possible questions which might have arisen, because no useful purpose would be thereby accomplished. A careful and succinct summary of the doctrine as to such conditions may be found in Graves'

78

Notes on Real Property, secs. 251 and 252, and Riely, J.,
thus clarifies the subject in *Burdis* v. *Burdis,* 96 Va. 84, 30
S. E. 462, 70 Am. St. Rep. 825: "There are no technical
words to distinguish between conditions precedent and con-
.ditions subsequent. The distinction is matter of construc-
tion. The same words may indifferently make either, ac-
cording to the intent of the person who creates the condi-
tion. If the language of the particular clause, or of the
whole will, shows that the act on which the estate depends
must be performed before the estate can vest, the condi-
tion is precedent, and unless it is performed the devisee
can take nothing. If, on the contrary, the act does not
necessarily precede the vesting of the estate, but may ac-
company or follow it, and this can be collected from the
whole will, the condition is subsequent. *Finlay* v. *King,* 3
Pet. 346; *Martin* v. *Ballou,* 13 Barb. 119, and 4 Kent's
Com. 124."

[2]   It is only necessary to consider the will of Samuel
W. George, Sr., so as to ascertain and effectuate his inten-
tion. That will apparently disposes of his entire estate,
giving his lands to his sons, and requiring them to pay
his daughters specific sums of money. He did not intend
to die intestate as to any part of his estate, or to withhold
the possession, occupation and use of the land here involved
from his son, Ashland C. George, who then resided upon
the farm devised, and the language of the will clearly shows
that he intended him to pay the legacy to his sister, Leah
Elizabeth Wenner, within ten years. In order to accele-
rate its payment, he provided that after five years the sum
remaining unpaid should bear interest. The specific clause
here involved is quoted in the decree, and the will also
contains this language: "Any legatee named in the fore-
going will who may signify his or her intention not to
abide by its provisions, shall be declared outside, and I

hereby ordain that he or she shall forfeit any or all of its provisions."

The conduct of these parties clearly shows that they accepted all of the benefits conferred by this will, which was probated September 9, 1889. Ashland C. George has continued in possession of the real estate devised ever since that time. He has never paid any part of the principal, but has paid the interest on the $4,000 legacy to his sister up to September 9, 1918, and until this suit was instituted in April, 1919, the legatee has not asserted the right to charge her legacy as a lien upon the real estate.

Under those circumstances it seems to us that the decree complained of is substantially right; that the testator intended that his son, Ashland C. George, should personally pay the $4,000 legacy seems to us uncontrovertible. His language is too plain to be misunderstood. Ashland C. George is by name directed to pay the amount, and when the testator disposes of the remainder, after the expiration of the life estate, there is no suggestion in the language used and hereinbegore quoted that the interest of the remaindermen is charged with any part thereof. At that time, Ashland C. George was about thirty-seven years old, and the will directed that the legacy should be wholly paid within ten years, certainly a period well within his natural expectation of life according to the mortality tables. So that, in our view, the decree of the trial court which exonerated the remainder enforced the true intent of the testator.

Ashland C. George also appeals from the decree upon the ground that he is held personally liable for the legacy, insisting that the legacy should be adjudged to be a lien upon the corpus of the estate, and that the interest of the remaindermen should be charged with their just proportion thereof.

It appears from what we have previously said that we think the trial court rightly refused to sustain this contention. Ashland C. George took the life estate devised to him subject to the burden which the testator imposed upon him. He cannot now and could not at any other time have sustained his view. He was under no obligation to accept the life estate which was devised to him by his father, but when he accepted it he assumed therewith the obligation so clearly imposed by the will personally to pay the $4,000 legacy.

It is perhaps immaterial in this case that the trial court failed to hold that the legacy constituted a charge against the life estate of Ashland C. George, because the record appears to indicate that Ashland C. George is financially able to pay the amount. The trial court, however, should have followed the precedents indicated by the cases of *Jackson* v. *Updegraffe,* 1 Rob. (40 Va.) 114, and *Cockerville* v. *Dale,* 33 Gratt. (74 Va.) 45, and held that the life estate devised to Ashland C. George was an auxiliary security for this legacy and charged therewith as the only property indicated by the testator for its payment.

The decree will, therefore, be amended so as to show that the life estate vested upon the death of the testator and that the legacy is a lien thereon; and as thus amended, it will be affirmed.

*Amended and affirmed.*