## CIRCUIT COURT OF BEDFORD COUNTY

Margaret M. Johnson

v.

William P. Johnson

September 8, 1993

Case No. (Chancery) 15208

BY JUDGE J. MICHAEL GAMBLE

I am writing this opinion letter to rule on the various Motions for Summary Judgment in this case. This case basically involves the issue of the interpretation of the Will of William Montilious Johnson ("W. M. Johnson"). I have, of course, reviewed the will. I have also reviewed the excellent briefs furnished to the Court.

The will that raises the issues in this case is dated June 4, 1974. William Montilious Johnson died March 1, 1978, and his will was probated in the Circuit Court of Bedford County on November 22, 1978.

The decedent was survived by Margaret M. Johnson, his wife and the Plaintiff in this action, William P. Johnson, his son, Joyce Johnson Moorman, his daughter, and Danny Wayne Morgan, a stepson and named beneficiary under the will.

The will is not well drafted. Articles III and IV create the most difficulty. Under Article III, the testator attempted to dispose of the remainder of his estate after bequeathing certain personal property to his wife. The remainder basically consisted of his farm known as the W. M. Johnson Farm. The problem arises from the fact that he incorporated this farm but did not transfer title to the real estate to the corporation prior to his death. He retained title in his name. Thus, the threshold issue is whether or not the farm real estate is included in the corporation. The corporation has now been involuntarily dissolved, so therefore, the title to the farm must

also be resolved. Additionally, there are issues as to whether William P. Johnson must pay certain monetary bequests to Joyce Johnson Moorman and Danny Wayne Morgan pursuant to certain directives under Article III in the will. Also, Margaret M. Johnson, the widow, is left thirty-one shares of stock. The issue arises as to whether these shares represent a life estate in the house and immediate yard, or a fee simple interest in this property. Also, Article IV directs William Preston Johnson to take care of and maintain Margaret M. Johnson, the widow. Issues are raised whether or not this is a personal debt of William P. Johnson or a debt which must be paid only out of the farm proceeds. Additionally, it must be determined what level of support was intended to maintain Margaret M. Johnson.

The original Bill of Complaint and Motion for Declaratory Judgment asks the Court to interpret the will of William Montilious Johnson. It also asks for an accounting of the transactions of the farm corporation. Only William P. Johnson has responded to the Bill of Complaint and Motion for Declaratory Judgment. He has also filed a Cross-Bill. The Cross-Bill also requests that the Court interpret the will. Joyce Johnson Moorman and Danny Wayne Morgan have made no appearance in response to the Cross-Bill, notwithstanding service of the Cross-Bill on them.

After a review of the will, memorandum of authorities filed by the parties, and other matters in the court file, I make the rulings set forth below.

The real estate titled in the name of W. M. Johnson is an asset of the former W. M. Johnson Farm Corporation. The former W. M. Johnson Corporation is now in a state of involuntary dissolution, and the affairs of the corporation pass to its directors as trustees who now must collect the assets of the corporation, pay, satisfy, and discharge the liabilities of the corporation out of the corporate assets and distribute the remaining corporate assets to the shareholders or sell the corporate assets and distribute the proceeds.

Subsequent to the death of W. M. Johnson and before the dissolution of the W. M. Johnson Corporation, the corporate stock ownership consisted of forty-nine shares in William P. Johnson, fifteen shares in Joyce Johnson Moorman, and fifteen shares owned by Danny Wayne Morgan. The equitable interest in the corporate assets of each of these former shareholders is now as follows: sixty-two percent in William P. Johnson, nineteen percent in Joyce Johnson Moorman, and nineteen percent in Danny Wayne Morgan.

Margaret M. Johnson owns in fee simple the house and yard around it by virtue of the redemption of her thirty-one shares of stock in the W. M. Johnson Farm Corporation.

By assuming and accepting the bequest of the W. M. Johnson Farm Corporation stock and obtaining majority interest in the W. M. Johnson Farm, William Preston Johnson assumed the obligation to support Margaret M. Johnson to the best of his ability. This is a personal obligation of William P. Johnson subject to his ability to support Margaret M. Johnson. There must be an evidentiary hearing held on the issue of the support of Margaret M. Johnson to determine what amount of support is sufficient to support her in the life style to which she was accustomed at the time of the death of W. M. Johnson and to determine what the financial ability of William P. Johnson is to support her at this time.

William P. Johnson may redeem the interest of Joyce Johnson Moorman and Danny Wayne Morgan in the dissolved corporation assets by paying each the sum of $10,000.00, and if he does not do so, the $10,000.00 is a lien upon the distributable assets of the corporation.

I will discuss below the basis for the rulings of the Court.

To arrive at the rulings set forth in this opinion letter, this Court follows certain basic rules of will construction. It is, of course, the guiding rule of will construction that in the construction of wills, the testator's intent will be given effect based upon an examination of the whole will. *Kling v. Virginia Trust Co.*, 215 Va. 226, 229 (1974); *Thomas v. Copenhaver*, 235 Va. 124, 128 (1988).

Utilizing these very basic principles of will construction, it is clear to the Court that the intention of the testator, W. M. Johnson, was to have all farm assets in the W. M. Johnson Farm Corporation and to grant his son, William P. Johnson, control of that corporation. This is clear in the first sentence of Article III of the will where he says, "[A]ll of the rest of my worldly possessions consist and make up my farm known as W. M. Johnson Farm." He says further in the third paragraph of Article III that "[T]he farm is to be operated as a single unit with no individual portion to be sold or *conveyed* away [emphasis added]." If the farm real estate was not part of the corporate assets, W. M. Johnson would not say that "no . . . portion" shall be sold or conveyed away. Also, the will indicates the clear intention that the farm corporation earnings should be used both to pay the $10,000.00 to Joyce Johnson Moorman and Danny Wayne Morgan and to assist him in the support of Margaret M. Johnson.

Likewise, it is evident under Article III that it was the intention of the testator to provide the marital home and immediate yard around it to his wife. He clearly says that the thirty-one shares that he bequeathed to her should represent this property. This supports, of course, that the marital home and surrounding yard (which is part of the farm) is a part of the farm corporation. He must have intended for Margaret M. Johnson's thirty-one shares to be redeemed for the home house and yard. This is evident because in order for Mr. Johnson to grant William P. Johnson a controlling interest in the corporation, the thirty-one shares of Margaret M. Johnson must be redeemed. Thus, it is clear that the thirty-one shares of Margaret M. Johnson are redeemed, and title to the house and yard are vested in fee simple in Margaret M. Johnson. There is no indication in the will that W. M. Johnson intended for Margaret M. Johnson to have anything less than a fee simple interest in the property, such as a life estate. Thus, the Court must find that W. M. Johnson intended for Margaret M. Johnson to receive the house and yard in return for the redemption of her thirty-one shares.

In the memorandum of William P. Johnson, it was argued that there was no right of way reserved to the house and yard. This is not in accord with the law which would presume a right of way by implication over the existing road to the home where none has been specifically reserved. 6B M.J., *Easements*, § 9, and *Stoney Creek Resort v. Newman*, 240 Va. 461, 467 (1990).

In Article III, the testator bequeathed to Joyce Johnson Moorman and Danny Wayne Morgan the sum of $10,000.00 each, to be given in return for their fifteen shares of stock which each holds in the W. M. Johnson Farm Corporation. Apparently, this $10,000.00 has not been paid, and the stock has neither been redeemed to the corporation or transferred to William P. Johnson. As a result, Danny Wayne Morgan and Joyce Johnson Moorman still own fifteen shares each of the corporation, or a nineteen percent interest in the dissolved corporation. Now that the corporation is dissolved, the directors must pay the debts of the corporation. It is clear that this $20,000.00 is a debt of the corporation and constitutes a lien on the assets. Therefore, in winding up the corporation, the directors must pay this $20,000.00 from the corporate assets, or it will remain a lien on the corporate assets.

Now that the corporation is dissolved, it is the duty of the directors to serve as trustees and follow the procedures set forth under § 13.1-753 to pay the corporate debts and transfer the corporate assets. This would include transferring the home and yard to Margaret M. Johnson, together

with a right of way over the customary entrance road from the public highway, and payment to Danny Wayne Morgan and Joyce Johnson Moorman of $10,000.00 each from the corporate assets or from the liquidation of the corporate assets. Also, there must be payment of all other corporate debts and transfer of the remaining assets to the remaining shareholders. If, of course, the $10,000.00 is paid to Joyce Johnson Moorman and Danny Wayne Morgan, William Preston Johnson would then have a one hundred percent interest in the corporation or assets of the corporation now that it has been dissolved.

Under Article IV, William Preston Johnson was directed to take care of Margaret M. Johnson. The exact directive is as follows:

> *Article IV*: I direct that my son, William Preston Johnson, since he now has control of the farm, take care of and maintain my wife, Margaret Etta Morgan Johnson, in the manner, style, and fashion to which she is accustomed at my death, to the best of his ability. It is my intention that the profits from the farm shall go first to the care and maintenance of my wife, Margaret Etta Morgan Johnson, before being used to make the $10,000.00 payments for the stock of my daughter, Joyce Johnson Moorman, and my son, Danny Wayne Morgan.

It is evident from the pleadings that William P. Johnson assumed control of the farm.

Under the law of Virginia where the beneficiary under a will accepts a devise or bequest on the condition that support be provided to a third person, the beneficiary obligates himself to that support subject to certain limitations. In *Davis v. Davis*, 190 Va. 468, 475 (1950), the Supreme Court of Virginia considered a similar situation as the present case and held:

> the provision of the will that the appellee "is to have her home and support on my home place as long as she remains single" carries with it the necessary implication that when appellant accepted the devise of this farm and entered into possession of it, and exercised the exclusive right to cultivate and manage it, he thereby obligated himself, in addition to providing a home for appellee in the mansion house, also to furnish her with reasonable support from the income derived, or which should be derived, from the farm.

Thus, when William P. Johnson assumed control of the farm, he assumed the duty to support Margaret M. Johnson in accordance with her life style at the time of the death of W. M. Johnson, to the best of his ability. Earlier case decisions also support this ruling. *Burdis v. Burdis*, 96 Va. 81, 83 (1898), and *Armentrout v. Armentrout*, 112 Va. 660, 663 (1911).

Even though William P. Johnson has a duty of support, this duty is limited by the life-style of Margaret M. Johnson and the ability of William P. Johnson. Thus, a hearing must be held to determine the need of Margaret M. Johnson and the ability of William P. Johnson.

Additionally, it appears that the Court must supervise the liquidation and distribution of the corporate assets in accordance with this Court's ruling. Thus, a hearing must be held on this issue.